

HUGHES LAW CORPORATION
Gregory J. Hughes  # 071288
Christopher D. Hughes  # 254864
3017 Douglas Boulevard, Suite 300
Roseville, California 95661
Telephone: (916) 774-7506
Facsimile: (916) 791-1644
Email: hughes@hugheslc.com

Attorneys for Michael F. Burkart,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>   FRANK M. LEWIS and CHERYL A.<br>   LEWIS<br><br>                              Debtors. | Case No.: 08-27143-C-7<br><br>DCN: GJH - 2<br><br>**MOTION FOR APPROVAL OF SALE OF LIMITED PARTNERSHIP INTEREST**<br><br>Date:     January 18, 2012<br>Time:    9:30 am<br>Dept.:    C  (Courtroom 35) |

To THE HONORABLE CHRISTOPHER M. KLEIN, United States Chief Bankruptcy Judge:

    Michael F. Burkart, the Chapter 7 Trustee ("Trustee") in the above-captioned Chapter 7 case, hereby requests that the Court approve his sale of a limited partnership interest owned by the Debtors.  The Estate will receive $187,500 as a result of the sale of a one-quarter interest in a family partnership.

    The partnership interest is a one-quarter limited partnership interest in the Quade Limited Partnership.  The Trustee has negotiated a sale to other family members for $187,500, which the Trustee believes is a reasonable price for the partnership interest, considering its lack of liquidity.

## FACTS

This motion is based on the following facts, all of which are supported by the accompanying declaration of Michael F. Burkart.

A. On May 30, 2008 (the "Petition Date"), the Debtors filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court, Eastern District of California (the "Court") as Case No. 08-27143-C-7 (the "Bankruptcy Case"). The Trustee is the duly appointed Chapter 7 Trustee in the Bankruptcy Case.

B. Among the assets of the Estate was a one-quarter limited partnership interest in the Quade Limited Partnership ("the Partnership"), a family partnership which had been established by Mrs. Lewis' parents, Dennis and Claudia Quade ("the Quades"). Mrs. Lewis was given her one-quarter limited partnership interest several years prior to the filing of her Chapter 7 petition.

C. The Partnership was listed in the Debtors' schedules as having a value of approximately $458,000. The Trustee is informed and believes that this value was based on the values of the real estate assets of the Partnership prior to the filing of the petition in 2008.

D. The assets of the Partnership consist of a residence in South San Francisco, CA, and a commercial building located in Daly City, CA. Both assets are unencumbered, but their values have declined significantly from several years ago.

E. The Trustee is informed and believes that the current fair market value of the assets of the Partnership is approximately $1,000,000. The Quades have provided a liquidation analysis indicating that the value of the Partnership assets is $800,000. The Quades have informed the Trustee that the commercial building is losing its principal tenant as of December 31, 2011, which will further impact its value. To the best of the Trustee's knowledge, no income has been paid to the limited partners since prior to the filing of the bankruptcy petition.

F. The Trustee's options for liquidating the Estate's interest in the Partnership were somewhat limited. The provisions of 11 U.S.C. § 363(h) (allowing the sale of the entirety of a jointly owned interest) do not apply to a minority partnership interest. The partnership

agreement for the Partnership does not allow the limited partners to force a dissolution of the partnership, except in circumstances which probably do not exist in this case. State law regarding the involuntary dissolution of a limited partnership would have required litigation, with its attendant costs and uncertainty.

  G. The only viable option for the Trustee to liquidate the Estate's interest was to sell the one-quarter interest in the Partnership. As a practical matter, sale on the open market of a limited partnership interest in a family-owned partnership is somewhat impractical; there simply is a very limited market for a minority interest in a family-owned partnership.

  H. The only persons with a significant interest in the Estate's one-quarter limited partnership interest were the other owners of the Partnership, i.e., the Quades. The Trustee has negotiated a sale to the Quades of the Estate's interest in the Partnership for a sale price of $187,500.00.

## APPROVAL OF A SALE

  1. Pursuant to 11 U.S.C. § 363(b), a trustee, after notice and a hearing, may sell, other than in the ordinary course of business, property of the estate.

  2. According to the BAP in *Simantob v. Claims Prosecutor, L.L.C. (In re Lahijani)*, 325 B.R. 282, 288-289 (B.A.P. 9th Cir. 2005), "The court's obligation in § 363(b) sales is to assure that optimal value is realized by the estate under the circumstances. The requirement of a notice and hearing operates to provide both a means of objecting and a method for attracting interest by potential purchasers. Ordinarily, the position of the trustee is afforded deference, particularly where business judgment is entailed in the analysis or where there is no objection. Nevertheless, particularly in the face of opposition by creditors, the requirement of court approval means that the responsibility ultimately is the court's."

  3. Here, the Trustee is getting $187,500, for an asset of dubious marketability, and declining value. Under the circumstances, the Trustee submits that a price of $187,500 is "optimal value," and the sale should be approved.

///

///

4. It is the Trustee's opinion, based on the facts stated above, that the sale of the Estate's one-quarter limited partnership interest in the Partnership for $187,500 is fair and reasonable, and should be approved as being in the best interests of the Estate.

5. The Trustee requests that overbidding be permitted, provided that any overbidders contact the Trustee at least 24 hours prior to the scheduled hearing date. If there are any overbidders, the Trustee suggests that overbids be permitted for at least $5000 for each overbid.

WHEREFORE, the Trustee requests that the Court approve the above-described sale and authorize him to implement the sale, by executing all necessary documents, in exchange for payment of $187,500.00.

Dated: December 21, 2011

                                    **HUGHES LAW CORPORATION**

By: /S/ Gregory J. Hughes
Gregory J. Hughes, Attorney for
Michael F. Burkart, Chapter 7 Trustee